IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURT THOMAS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE | : | NO. 07-2258 |

**ORDER-MEMORANDUM**

**AND NOW**, this 14rh day of August, 2007, upon consideration of Defendant's "Motion to Dismiss Plaintiff's Complaint under the Social Security Act and to Deny Plaintiff's Application for Attorney Fees under the Equal Access to Justice Act" (Docket No. 8), and Plaintiff's response thereto, **IT IS HEREBY ORDERED** that:

1. The Motion is **GRANTED**;

2. Plaintiff's Complaint and Amended Complaint are **DISMISSED**;[1]

3. Plaintiff's Application for Attorney's Fees is **DENIED**; and

4. The Clerk is directed to **CLOSE** this case statistically.

In this Social Security case involving both supplemental security income and disabled widower's insurance benefits, Plaintiff Curt Thomas seeks review of a March 14, 2007 decision of the Administrative Law Judge ("ALJ"), which found that Plaintiff has been continuously disabled since December 27, 2000, and directed the Social Security Administration ("SSA") to determine whether other Social Security regulations prohibited the payment of back benefits. Plaintiff now complains that he was subsequently mailed a Notice of Award that, in his view, erroneously denied

---

[1]While an Amended Complaint ordinarily replaces the original Complaint, Plaintiff appears to have filed the Amended Complaint instead to supplement his prior Complaint. (See Am. Compl. at 1 ("Plaintiff amends this Complaint to include the following . . . .")). Accordingly, we will dismiss both versions.

him benefits for periods of time in which he has been incarcerated.[2]  In addition, Plaintiff requests attorney's fees "in accordance with the Equal Access to Justice Act," 28 U.S.C. § 2412(b).  For the following reasons, we conclude that we do not have jurisdiction to consider Plaintiff's argument that he was improperly denied benefits and deny his request for attorney's fees.

<u>Denial of Benefits During Periods of Incarceration</u>

Plaintiff appears to admit that he was incarcerated during the time periods for which he was denied benefits.  He contends, however, that his incarceration was for <u>non-felony</u> criminal offenses and that the relevant statutes and regulations only authorize the denial of benefits for periods of time in which a claimant is incarcerated for conviction of a <u>felony</u>.  Defendant argues in the motion to dismiss that we do not have subject matter jurisdiction to review this claim, because there has been no final decision with respect to it.[3]  We agree.

---

[2] Plaintiff acknowledges that he has received $12,438.00 in back benefits dating back to December 27, 2000, but those benefits are only for the weeks in which he was not incarcerated. (<u>See</u> Am. Compl. at 1.)

[3] Defendant also argues that Plaintiff's appeal is untimely because he did not file this civil action until June 7, 2007, more than sixty days after the ALJ's March 15, 2007 decision.  However, the explanation of appellate rights attached to the March 15 decision informed Plaintiff that (1) he had thirty days to file exceptions to the decision, (2) the Appeals Council had sixty days to review the case *sua sponte*, and (3) if neither of these things occurred, the ALJ's decision would become final on the 61st day.  It further advised him that he would have sixty days after the ALJ's decision became final to file a civil action.  Accordingly, we cannot conclude that Plaintiff's appeal to this Court was untimely.  <u>See</u> 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision <u>or within such further time as the Commissioner of Social Security may allow</u>.") (emphasis added).

A federal district court has jurisdiction over a "final decision of the Commissioner of Social Security made after a hearing."[4]  42 U.S.C. § 405(g).  Here, the ALJ held a hearing, but only ruled on the issue of whether Plaintiff was disabled, without issuing a final decision regarding the specific dates for which Plaintiff could collect supplemental security income and widower's insurance benefits.  Instead, the ALJ charged the SSA with deciding the effect on Plaintiff's benefits of "several 'non-disability' provisions of the Social Security regulations," which pertain to payments for periods in which a claimant is either incarcerated or in a public institution.  (3/14/07 ALJ Decision at 5.)  Specifically, the ALJ stated that "the component of the [SSA] responsible for authorizing Title XVI supplemental security income . . . shall make a determination as to <u>any</u> . . . months for which Title XVI payments <u>must be suspended</u> because the claimant was a 'resident in a public institution,' in or after December 2000, <u>based on appropriate correctional system records</u>."  (<u>Id.</u> at 9 (emphases in original)).  Likewise, he stated that "the component of the [SSA] responsible for authorizing Title II disabled widower's insurance benefits shall also make a determination as to <u>any</u> calendar months for which Title II benefits <u>cannot be paid</u> because the claimant was 'confined in a jail, prison, or other penal institution or other correctional facility for conviction of a felony,' in or after December 2000, <u>based on appropriate correctional system records</u>."  (<u>Id.</u> at 10 (emphases in original)).

While the SSA subsequently determined that Plaintiff's incarceration rendered him ineligible

---

[4] In this case, the decision of the ALJ became the final decision of the Commissioner, because we had previously remanded the action for further consideration, Plaintiff did not elect to file exceptions to the ALJ's decision, and the Appeals Council did not review the case *sua sponte*. <u>See</u> 20 C.F.R. §§ 404.984(d),  416.1484(d).

for benefits during the months he was incarcerated, that determination is separable from the ALJ's decision and subject to its own series of administrative appeals. Indeed, the SSA sent Plaintiff a June 1, 2007 Award Notice, which set forth the exact amounts that Plaintiff would be paid and informed him that he would not receive benefits for the months of his incarceration.[5] It further notified Plaintiff that he had sixty days to submit a "Request for Reconsideration" form, which he could get from any SSA office, and that his appeal could include a supplementation of the "facts" in his file, which the SSA would then review.

Under these circumstances, it is clear that the decision that Plaintiff seeks to appeal is not the ALJ's March 15, 2007 final decision, but rather, the subsequent determination by the SSA that he is not entitled to benefits for periods in which he was incarcerated. There has been no final decision on this particular issue and thus, we have no jurisdiction to review it.

### Attorney's Fees

Plaintiff also requests that he be awarded attorney's fees under the Equal Access to Justice Act, stating that he is entitled to "some type of reimbursement/Attorneys' Fees being that [he] has been representing himself in this U.S. District Court on this and three prior occasions since 2003." (Compl. at 5); see 28 U.S.C. § 2412(b) ("a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States.") However, pro se litigants are not entitled to attorney's fees under the EAJA. See, e.g., Asemani v. Ridge, Civ. A. No. 03-6833, 2004 WL 2244542, *5 (E.D. Pa. Sept. 30, 2004) (citing Zucker v. Westinghouse, 374 F.3d 221, 228-29 (3d Cir. 2004) ("[A]fter the [decision of the United States Supreme Court in Kay v. Ehler, 499 U.S. 432, 435-38 (1994)], the courts of appeals have denied

---

[5] Plaintiff attached the Award Notice to his Response to the Motion to Dismiss.

attorney's fees to *pro se* attorneys under a variety of fee-shifting statutes, including the [EAJA] . . . .")).  Accordingly, we cannot grant Plaintiff the relief he seeks.

 We therefore dismiss Plaintiff's Complaint and Amended Complaint and deny his request for attorney's fees.

BY THE COURT:

/s/ John R. Padova, J.
John R. Padova, J.